UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:09 CR 219 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| DEMETRIUS WRIGHT, ) | |
| ) | |
| Defendant. ) | |

Before the Court are the following two Motions: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion" or "§ 2255 Motion") (**Doc #: 28**) and Rule 11 Motion to Set Aside Plea Agreement of August 27, 2009 (**Doc #: 29**). For the following reasons, the Court **DENIES** both motions and summarily dismisses this case.

**I.**

Proceedings against Demetrius Wright began by the filing of a criminal complaint with a sworn affidavit of FBI Special Agent Andrew Burke before United States Magistrate Judge Greg White on April 13, 2009. (Doc #: 1.) The complaint charged Wright with one count of conspiracy to commit armed bank robbery of the Fifth Third Bank, 25151 Detroit Road, Westlake, Ohio on April 10, 2004 in violation of 18 U.S.C. §§ 2113(a) and (d). (Id. ¶ 18.) The complaint also charged Wright's girlfriend, Shaniya Scovil, with aiding and abetting the robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2. (Id.) Magistrate Judge White found probable

cause to believe Wright had committed the offense, bound him over to the grand jury and ordered him held without bond pending trial.  (Docs ##: 3 - 8.)

On May 8, 2009, the United States filed an information charging Wright with one count of aiding and abetting armed bank robbery of the same bank on the same date in violation of 18 U.S.C. §§ 2113(a), (d) and (2).  (Doc #: 9.)  The information stated that Wright aided the commission of the robbery by providing a dangerous weapon (i.e., a Lorcin .380 caliber pistol) to one of the robbers and agreeing to act as that robber's getaway driver.  The information was accompanied by Wright's waiver of prosecution by indictment.  (Doc #: 9-2.)  Wright was arraigned by the undersigned on May 28, 2009, at which time he executed the waiver of indictment in open court and pled "not guilty" to the charge.  (Doc #: 14.)  The Court granted Wright's request for a pre-plea presentence report  ("PSR") to determine his Criminal History Category only.  (Doc ##: 17, 19.)

The pre-plea PSR revealed that Wright had 4 criminal history points, placing him in Criminal History Category III.  He received one point for being charged with receiving stolen property, a car, on October 21, 2004 (age 17); two points for disrupting public services on April 29, 2005 (age 17); and one point for drug possession on March 2, 2006 (age 18).

On August 27, 2010, Wright entered a plea agreement with the government wherein he pled guilty to the single charge of aiding and abetting armed bank robbery.  (Doc ##: 21, 22.) Therein, the parties stipulated that Wright's base offense level was 20; an increase of 2 levels was warranted for taking of property from a financial institution; an increase of 5 levels was warranted because a firearm was brandished during the commission of the robbery; an increase of 2 levels was warranted since the amount of loss exceeded $50,000; and a downward

adjustment of 3 levels was warranted for acceptance of responsibility. Based on these calculations, the parties stipulated that Wright's appropriate total offense level was 26. The parties agreed that Wright may request a downward departure at sentencing on the ground that Criminal History Category III substantially over-represented the seriousness of his criminal history, and that the government may oppose that request. They agreed, however, that a refusal on the part of the Court to grant such downward departure would not constitute grounds for allowing Wright to withdraw his guilty plea. The plea agreement reflects that Wright was advised by counsel of his constitutional trial and appellate rights, and that he waived those rights except the right to challenge any punishment in excess of the statutory maximum (25 years), any punishment that constitutes an upward departure or variance from the applicable advisory guidelines range, any punishment resulting from the Court's refusal to accept the parties' guidelines stipulations, and claims of ineffective assistance of counsel or prosecutorial misconduct. Wright admitted the factual basis alleged in the information for his guilty plea, and agreed to enter a plea of guilty to the charge set forth in the information, i.e., aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2. Wright acknowledged that he entered the plea agreement knowingly, freely and voluntarily and without threats from anyone, after due consultation with his attorney – and that he was satisfied with counsel's representation.

At the change of plea hearing held the same day (August 27, 2009), Ms. Scovil declined to change her "not guilty" plea and the Court scheduled her trial. The Court then went over the terms of Wright's plea agreement with him. During the plea colloquy, the Court orally advised Wright of his trial and appeal rights and his waiver of those rights (with the exceptions set forth

in the plea agreement). Wright acknowledged that, under the advisory guidelines, his total offense level was 26, and his criminal history category was III. When the Court asked Wright what the appropriate guidelines sentencing range would be based on these calculations, he responded "78 to 96" months. The Court asked Wright if anyone had pressured or forced him into pleading guilty, to which he responded, "no." Wright acknowledged that he was changing his plea voluntarily after discussing it with his lawyer and some family members. Wright stated that he was not under the influence of any alcohol or medication that might affect his ability to understand what was going on, and his attorney testified that he did not know of any reason why Wright was not competent to enter a guilty plea. As is customary, the Court had Wright read to himself the factual basis set forth in his plea agreement, after which he agreed that everything therein was "true and accurate." The Court concluded that Wright was competent to enter a guilty plea, he came to his decision knowingly and voluntary, he understood the right he had and the rights he was giving up by pleading guilty, there was a factual basis for the plea and Wright had a good understanding of how his sentence would be determined.

Thereafter, Wright's counsel filed a sentencing memorandum arguing that, while Wright had four criminal history points, Criminal History Category III over-represented the seriousness of his criminal history for numerous reasons. (See Doc #: 24.) He argued that, if the two juvenile convictions were not included in the sentencing calculation, Wright would have only one criminal history point placing him in Category I with a guidelines sentencing range of 63 to 78 months. (Id.) He asked that Wright be sentenced at the low end of the applicable range, or 63 months. (Id.)

At the sentencing hearing, the parties again agreed that, under the advisory guidelines, Wright's total offense level was 26 and his proper criminal history category was III based on his four criminal history points. Wright's counsel argued, however, that Category III over-represented the seriousness of his criminal history since three points were attributed to nonviolent crimes he committed as a juvenile. If you excluded those points, he would be in Criminal History Category I. At offense level 26 and Criminal History Category I, the advisory guidelines sentencing range would be 63 to 78 months. Wright asked the Court to sentence him to the low end of that range, or 63 months. The government countered that the points for Wright's juvenile offenses should not be disregarded because they were felony charges; he committed the second juvenile offense while on probation for the first offense; he committed his third offense within a year of the second; three years later he provided the gun that was used to rob the Fifth Third Bank – which gun was thrust into the teller's face – and Wright did everything he could to help his co-conspirator elude police after the robbery. Given the seriousness of this latest offense and the fact that Wright was the only conspirator who had any criminal record, the government argued that the likelihood of recidivism was substantial. As such, Category III did not over-represent Wright's criminal history, and he should be sentenced within the applicable guideline range of 78 to 97 months, and not the low end. The Court agreed with the government that Category III did not over-represent the seriousness of Wright's criminal history given, among other things, the relatively short period of time between his crimes – all of which were felonies – and the seriousness of the latest offense. However, the Court sentenced Wright to the low end of the applicable range, or 78 months, observing that "if 78

-5-

months is not going to punish or deter you, another six or eight or ten months won't have any great impact."

In the pending § 2255 Motion, Wright challenges the constitutionality of his convictions and sentence on the following grounds: the Court lacked jurisdiction over the indictment, the government lacked standing to prosecute him, the Court erred when it included his juvenile charges when calculating his criminal history category, and counsel was ineffective for failing to raise these issues during the trial court proceedings. Wright has also filed a Rule 11 Motion to Set Aside the Plea Agreement.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Wright is not entitled to relief in the district court for the following reasons.

### III.

### A.

Wright has filed a Rule 11 Motion to Set Aside the Plea Agreement. (Doc #: 29.) He argues that, although the Court apprised him of the charge against him and the elements of the charge, it did not inform him of "the technical legal designation or the specific legal definitions of the words that comprised the offense or the elements and his counselor failed to request the Court or to object to the court's impermissible cursory recitation of the charge and the description of the elements of its correct legal designation." (Doc #: 29, at 2.) The record is clear, however, that Wright understood he was being charged with aiding and abetting an armed bank robbery by providing the firearm to one of the robbers and being the getaway driver for that robber; he pled guilty to the charge set forth in the information because he was in fact guilty of that crime; and the Court determined Wright was competent to enter his guilty plea.

Wright also argues that the Court should set aside his plea agreement because his attorney coerced him into entering the guilty plea by telling him that his fiancé would be indicted and serve time in prison if he did not enter a guilty plea. (Id.) However, Wright acknowledged

-7-

in the plea agreement that he entered the agreement without threats from anyone; he testified at the change of plea hearing that he was not coerced or pressured by anyone into entering his guilty plea; and he did not attempt to withdraw his guilty plea at any time before or during his sentencing. Wright's recent self-serving, conclusory assertion of coercion is insufficient to refute the record evidence that he entered the plea free of threats or coercion and set aside the plea agreement. *United States v. Richardson*, 133 Fed. Appx. 220, 222 (6th Cir. 2005) (citing *McClanahan v. United States*, No. 84-5768, 1986 WL 16835, at *1 (6th Cir. Apr. 15, 1986)). Accordingly, the Rule 11 Motion to Set Aside the Plea Agreement is denied.

**B.**

In the § 2255 Motion, Wright argues that the Court lacked jurisdiction over the indictment; the government lacked standing to prosecute him; the Court erred and/or abused its discretion by including his juvenile convictions when calculating his criminal history category; and his attorney was ineffective for failing to raise these issues in the trial court. Wright has waived all but the ineffective assistance claim. *See United States v. Redding*, No. 00-5381, 2000 WL 1648130 (6th Cir. Oct. 27, 2000) (appeal waiver in a written plea agreement is binding as long as it was knowingly and voluntarily made and covered in the plea colloquy); *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) (holding same).

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Wright must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that**,** but for counsel's deficiency, the outcome of the proceedings would have been

different. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 689). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland,* 466 U.S. at 689).

Wright argues that his counsel was ineffective for failing to object to the Court's lack of subject matter jurisdiction over the information, citing in support *United States v. Gabrion*, 517 F.3d 839 (6th Cir. 2008) and 18 U.S.C. § 5. This argument is meritless.

Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Because Wright was charged with a federal crime, the district court had subject matter jurisdiction over the prosecution of the crime. Furthermore, because the district court had subject matter jurisdiction over the crime charged, it also had personal jurisdiction over Wright. *United States v. Borbon*, 326 Fed. Appx. 35 (2nd Cir. 2009 (citing *United States v. Williams*, 341 U.S. 58, 65 (1951) ("The "District Court had jurisdiction of offenses against the laws of the United States . . . hence it had jurisdiction of . . . the persons charged") (citations omitted).

Nothing in 18 U.S.C. § 5 detracts from the jurisdiction of this Court over the crime charged or Wright. That section provides, in pertinent part, "[t]he term 'United States,' as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States." Ohio is within the continental United States. Wright committed the federal crime of aiding and abetting armed bank robbery in the State of Ohio. And, as shown, federal district courts have exclusive subject matter jurisdiction over the

prosecution of federal crimes, and personal jurisdiction over the defendants charged with those crimes.

Nor does *Gabrion* support the argument that the Court lacked subject matter jurisdiction over the information. In *Gabrion*, the question was whether a district court had subject matter jurisdiction over a criminal prosecution for murder, based upon the federal statute that predicates jurisdiction on the murder having been committed on certain federal property, when the property in question is within a national forest. The court concluded that it did in fact have jurisdiction over national forests and, therefore, the crime charged. There is no question that this Court has subject matter jurisdiction over federal crimes committed within this district.

Wright also argues that the Court lacked subject matter jurisdiction over the indictment because it failed, under Fed. R. Crim P. 7, to assert the essential elements of the offense charged. Under Rule 7, the indictment or information must contain "a plain, concise, and definite written statement of the essential <u>facts</u> constituting the offense charged." Fed. R. Crim P. 7 (emphasis added). The information states:

> On or about April 10, 2004, in the Northern District of Ohio, Eastern Division, Demetrius Wright, . . . did knowingly and intentionally aid and abet others not named herein as defendants to take, by force and violence and by intimidation, from the person and presence of tellers and other employees at the Fifth Third Bank, 25151 Detroit Road, Westlake, Ohio, approximately $116,549.00 in monies belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the [FDIC], and in committing such offense, to assault and put in jeopardy the lives of bank employees and other by the use of a dangerous weapon, to wit: a Lorcin .380 caliber pistol, in violation of Title 18, Sections 2113(a)and (d) and 2, United States Code.

(Doc #: 9.) The Court concludes that the information contained a plain, concise, and definite written statement of the essential facts constituting the offense charged. Because Wright cannot

show that the Court lacked subject matter jurisdiction over the information, he cannot show that his attorney was ineffective for failing to raise this issue prior to sentencing.

Next, Wright argues that his attorney was ineffective for failing challenge the standing of the government to prosecute him in federal court because his crime did not inflict a concrete injury on the United States. This is presumably a reference to the case or controversy requirement for civil litigants to be able to have their civil claims litigated in federal court under Article III, sec. 2 of the United States Constitution. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This argument lacks merit. As sovereign, the United States has standing to prosecute violations of valid federal criminal statutes in federal courts. *See, e.g., United States v. Daniels*, 48 Fed. Appx. 409, 418 (3rd Cir. 2002).

Finally, Wright argues that counsel was ineffective for failing to object to the criminal history points that were used to determine Wright's criminal history category. This argument belies the record. Everyone, including Wright and his attorney, agreed that Wright had four criminal history points based on his prior convictions, which placed him in Criminal History Category III. Thus, Wright cannot show that his attorney was ineffective for failing to object to it. Indeed, the only question before this Court was whether Criminal History Category III over-represented the seriousness of his criminal history. The record shows that Wright's attorney vigorously argued, on paper and in open court, that the four points over-represented Wright's criminal history, asked the Court to ignore the three points for the offenses Wright committed as a juvenile, and sought a finding of Criminal History Category of I and a sentence of 63 months. Wright cannot show that counsel was ineffective for failing to persuade the Court of Wright's position.

**IV.**

Based on the foregoing, the Court **DENIES** the Rule 11 Motion to Set Aside Plea Agreement of August 27, 2009 (**Doc #: 29**).  Furthermore, pursuant to Rule 4(B) of the Rules Governing Section 2255 Proceedings, the Court **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Doc #: 28**) and summarily dismisses the case.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     November 4, 2010*
**Dan Aaron Polster**
**United States District Judge**